IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK FORKNER (01) | Case No. 4:21-CR-00268-O |

## MR. FORKNER'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY

The government says:

> there is no Brady/Giglio and
>
> if there is any Brady/Giglio, the defense can find it itself in the 67.2 million pages with the help of the government's "detailed index."

The first argument creates a dilemma for the district court. The second does not. Either way, the answer is to allow the defense the time it needs to find the favorable evidence in the discovery haystack. We address these in reverse order.

1. **The "Detailed Index" Does Not Identify Brady or Giglio**

The government was correct to produce all that it produced. But if the government is aware of Brady or Giglio material, it should identify that material to the defense. As our cases note, to say that the Brady/Giglio is "somewhere" in 67.2 million pages is not sufficient.

The government has repeatedly told the Court that it produced a "detailed index." Firstly, there is no index of the 316,543 pages of "hot docs:" we are reviewing those documents one-by-one.

The larger database does have an index. *See* ECF No. 25-1. Here is a page from it. Some entries are specific. Others are not. Line 145 represents 39,235,053 pages from the FAA. More importantly this index is not a substitute for electronic searches. As described in the Third Motion for Continuance, searching the database has glitches that we are fixing as we encounter them.

| Item Number | Producing Party | Description | Production BEGDOC | Production ENDDOC | Production BEGDOC of Associated Cover Letter | Original BEGDOC | Original ENDDOC |
|---|---|---|---|---|---|---|---|
| | | *United States v. Mark A. Forkner, 4:21-CR-00268-O* | | | | | 10/20/2021 |
| | | **Government Production 1 Index** | | | | | |
| 139 | Peter Lemme | Documents produced by Peter Lemme | DOJ-PROD-0009134262 | DOJ-PROD-0009144423 | DOJ-PROD-0054288850 | N/A | N/A |
| 140 | Thomas Imrich | Documents produced by Thomas Imrich | DOJ-PROD-0009144424 | DOJ-PROD-0009144477 | DOJ-PROD-0054288857 | N/A | N/A |
| 141 | Cynthia Cole | Documents produced by Cynthia Cole | DOJ-PROD-0009144478 | DOJ-PROD-0009144513 | DOJ-PROD-0054288814 | N/A | N/A |
| 142 | Rick Ludtke | Documents produced by Rick Ludtke | DOJ-PROD-0009144514 | DOJ-PROD-0009144516 | N/A | N/A | N/A |
| 143 | Edward Pierson | Documents produced by Edward Pierson | DOJ-PROD-0009144517 | DOJ-PROD-0009144589 | DOJ-PROD-0054288815 | N/A | N/A |
| 144 | Edward Pierson | Documents produced by Edward Pierson | DOJ-PROD-0009144590 | DOJ-PROD-0009144594 | DOJ-PROD-0054288825 | N/A | N/A |
| 145 | Federal Aviation Administration | Documents responsive to DOT-OIG requests to FAA for documents associated with custodians Dale Bosselmann, Mikal Campanello, Stacey Klein, Aaron Perkins, and William Schubbe through 2/14/2019; emails, contacts, and calendars from FAA accounts from 1/1/2015 - 4/2/2019 including search terms @boeing.com, variants on the keyword 737 MAX, and variants of the words MCAS, Lion Air, Ethiopia, Certification, AOA, training, money, cost, price, declined, sensor, Forkner, disagree, and forced; documents from the time period 1/1/2015 - 4/16/2019 associated with custodians Ali Bahrami, Brian Morris, Christy Helgeson, David Hempe, David Howard, Earl Lawrence, Gaetano Sciortino, Ian Won, James Cashdollar, James Kline, Jeff Duven, Jeffrey Rees, Johanna Forkner, John Duncan, John Hickey, John Piccola, Kenneth Fairhurst, Kevin Greene, Lance Gant, Marlan Perhus, Michael Kaszycki, Paul Bernado, Robert Carty, Ross Landes, and Shaun Ripple; documents associated with custodian Eugene Arnold from 1/1/2015 through 6/7/2019; and 737 MAX search terms from calendar years 2015-2019 | DOJ-PROD-0009144595 | DOJ-PROD-0048379648 | N/A | N/A | N/A |
| 146 | American Airlines | Invoice documentation related to American Airlines' purchase of the 737 MAX | DOJ-PROD-0048379649 | DOJ-PROD-0048379666 | DOJ-PROD-0054289008 | AA-MAX-00113350 | AA-MAX-00113367 |
| 147 | Federal Aviation Administration | Documents produced by the FAA, including post-Lion Air crash documents | DOJ-PROD-0048379667 | DOJ-PROD-0048383859 | N/A | N/A | N/A |
| 148 | Department of Transportation Office of Inspector General | Emergency Airworthiness Directive (dated 11/7/2018, publicly available online) | DOJ-PROD-0048383860 | DOJ-PROD-0048383864 | N/A | N/A | N/A |
| 149 | Federal Aviation Administration | Documents produced by the FAA, including post-Lion Air crash documents | DOJ-PROD-0048383865 | DOJ-PROD-0048383888 | N/A | N/A | N/A |
| 150 | Department of Transportation Office of Inspector General | Printout from NASA ASRS Reports for 737 MAX webpage (publicly available online) | DOJ-PROD-0048383889 | DOJ-PROD-0048383890 | N/A | N/A | N/A |
| 151 | Federal Aviation Administration | Letter from Stacey Klein to Patrik Gustavsson dated 12/13/2018 | DOJ-PROD-0048383891 | DOJ-PROD-0048383891 | N/A | N/A | N/A |

To speed our review, we moved to compel discovery on legitimate topics that we identified as favorable such as:

> Evidence that Mr. Forkner did not see MCAS in the simulator;
>
> Evidence that Ms. Klein accessed the "SharePoint" system that described MCAS expansion.
>
> What documents did a key government witness review before coming up with his testimony.

The government says these are "Sideshows." They are not. The government says we are seeking "what every person at Boeing disclosed to every person at the FAA about the 737MAX." We are not. We are seeking favorable and relevant evidence.

The Court already has ordered the government under new Rule 5f to produce Brady material if it is aware of any. "*Find it if you can*" in 67.2 million pages—and do so in 76 days, with everything else that is going on[1]—does not satisfy the obligations of Brady.

2.   **"There is No Brady"**

The government's primary argument, however, is that "there is no Brady" in the 67.2 million documents, and the defense need only concern itself with the prosecution's 75

---

[1] That is the number of days between the defense gaining access to the database and trial – but there were many difficulties that delayed reviewing the data. See Third Motion for Continuance filed today. And preparing for trial involves much more than just laying eyes on documents. We also have been consumed with pleadings; chasing the FAA to allow access to witnesses; finding other witnesses; legal research; conducting our own investigation; reading the "hot docs;" – and the other tasks needed to prepare for trial. The government relies on the Skilling standard while glossing over that Skilling had two years before his trial.

exhibits and 9 witnesses.  Faced with such an argument, we do not expect the Court to review 67.2 million pages—but *we* need time to do that *ourselves*.  First, no defendant would limit his review of discovery to what the government says is relevant.  Having obtained, reviewed, and produced 67.2 million pages—and Rule 16E requires the government to produce information that is "material to the defense"—the government cannot say we should ignore it.

Second, however, we have tried to show the Court—most recently in our Third Motion for Continuance—that we are finding favorable, relevant materials in our review of discovery.  For example, it is relevant and favorable to the defense that Mr. Forkner did not see MCAS in the simulator in November 2016; we see references to "data" that proves that; if Boeing's latest voluntary production of December 17 does not contain it, we will move to subpoena it for pretrial production.

As another example, it is relevant and favorable that FAA Officials who worked on MAX say that the indictment is a miscarriage of justice, a scapegoating, that the real problem with MCAS was an engineering issue that Mr. Forkner was neither qualified, expected, nor responsible for.  The government had free access to these Officials for years.  When we learned of them, the FAA blocked access to them until we filed a Motion for Access.  We will return to the Court if the FAA does not follow through and make them available in early January.

3.  **Conclusion**

The parties have different views of Brady and Giglio. The defense has a duty to review discovery and follow leads to exculpatory and impeachment evidence. See Third Motion for Continuance (we are almost half-way through the "hot docs," reading 20,000 pages a week, and are finding such evidence). Saying "there is no Brady – just look at our 75 exhibits" does not define the role of the defense in this complex case, which spans two-and-one-half years of communication with the FAA. Having produced discovery that is "material," the government should not seek to deny us the time to review what it provided.

Respectfully submitted,

*/s/ Jeff Kearney*
JEFF KEARNEY
Texas Bar Number: 11139500
CATHERINE STANLEY
Texas Bar Number: 24110542
KEARNEY LAW FIRM
One Museum Place
3100 West 7th Street, Suite 420
Fort Worth, Texas 76107
jkearney@kearneylawfirm.com
cstanley@kearneylawfirm.com
Phone: 8l7-336-5600
Fax: 817-336-5610

*/s/ David Gerger*
David Gerger
State Bar No: 07816360
GERGER HENNESSY & MCFARLANE LLP
1001 Fannin, Suite 2450
Houston, Texas 77002
dgerger@ghmfirm.com
Phone: 713-224-4400
Fax: 713-224-5153

## *CERTIFICATE OF SERVICE*

I hereby certify this Motion was electronically filed, and Assistant United States Cory Jacobs was electronically served via this Court's Electronic Filing System on this 22nd day of December 2021.

/s/ _____
JEFF KEARNEY